IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Paul Mullins, *On behalf of himself and those similarly situated,* Plaintiff, v. Southern Ohio Pizza, Inc., et al., Defendants. | Case No. 1:17-cv-426 Judge Susan J. Dlott |

ORDER PRELIMINARILY APPROVING SETTLEMENT

The Court, having reviewed Plaintiff's Unopposed Motion to Preliminarily Approve Settlement, hereby ORDERS and ADJUDGES:

1. Plaintiff's Unopposed Motion to Preliminarily Approve Settlement is hereby GRANTED.

2. Under Civil Rule 23(b)(3), the following class is certified for settlement purposes only: All current and former delivery drivers employed from June 23, 2014 until February 7, 2018 at the Southern Ohio Pizza Locations owned, operated, and/or controlled by the Franchisee Defendants.[1]

3. The case is also certified, for settlement purposes only, as a collective action under the Fair Labor Standards Act.

---

[1] "Southern Ohio Pizza Locations" is defined in the settlement agreement and includes 20 locations. *See* Exhibit 1 §1(B).

4.   For the purposes of approving the proposed settlement only, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiff are typical of the claims of members of the Proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

5.   The Court finds, for purposes of approving the proposed settlement only, that the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

6.   The Court's conditional findings are limited solely to the claims brought on behalf of the Proposed Class. The Court's findings are for purposes of certifying the Rule 23 class and the FLSA collective action and will not have any claim or issue preclusion or estoppel effects in any other case or action against Defendants, or in this case, if the settlement is not finally approved.

7.   The Court finds on a preliminary basis that the proposed settlement falls within the "range of reasonableness" and therefore grants preliminary approval of the settlement. Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

8.   The settlement process will be administered by Class Counsel and a claims administrator, as described in the Settlement Agreement.

9. The Court finds and concludes that the Notice of Settlement and Claim Form and procedure set forth in the Settlement Agreement for providing notice to the Class will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises the Proposed Class of their rights under the settlement, and therefore meets the requirements of due process and is approved.

    a. The Notice of Settlement fairly, plainly, accurately, and reasonably informs the Proposed Class of: (1) appropriate information about the nature of this Action, the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the class representative's service payment and the Class Counsel's attorneys fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about the Proposed Class member's right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement, if a Proposed Class member wishes to do so; and (5) appropriate instructions about how to obtain additional information regarding this case and settlement.

    b. The proposed plan for transmitting the Notice of Settlement and the Claim form by first class mail is an appropriate method, reasonably designed to reach all individuals who would be affected by the Settlement, and the proposed Notice of Settlement and notice plan are the best practicable notice under the facts and circumstances of this case.

    c. The proposed Claim Form allows Proposed Class members a full and fair opportunity to submit a claim for proceeds under the Settlement.

10. The Court provisionally approves the proposed attorney's fees and costs award and will approve the award after a final hearing occurs, taking into account any objections to the award.

11. The Court provisionally approves the proposed incentive award to the named plaintiff and will approve the award after a final hearing occurs, taking into account any objections to the award.

12. The Parties are ordered to carry out the settlement according to its terms.

13. A Final Hearing will be held on [200 days after the date of this Order] January 10, 2019 at 1:30pm, in Courtroom 7 of the Federal Building Courthouse or any date thereafter as set by the Court. Any objectors wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Final Hearing to present such objections.

14. Any pleadings in support of the proposed settlement shall be filed at least 14 days before the Final Hearing. In the event that the settlement is not finally approved, or otherwise does not become effective, the Parties shall revert to their respective positions as of before entering into the settlement.

IT IS SO ORDERED, this 11th day of June, 2018.

_____
The Honorable Susan J. Dlott
United States District Judge